**ORIGINAL**

Bernard Moore, Ph.D.
4849 Connecticut Avenue, NW #631
Washington, D.C. 20009
Tel. 202-360-7551
Email: Bernard.moore@earthlink.net

In Propria Persona

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BERNARD MOORE | CIVIL ACTION NO:_____ |
| Plaintiff, | **VERIFIED COMPLAINT** |
| -vs- | |
| WILLIAMS COLLEGE | **JURY DEMANDED** |
| Defendant. | |

Introduction

The Plaintiff, Bernard Moore, Ph.D., (hereinafter "Dr. Moore") brings this complaint to redress his employer's numerous violations of breach of contract and violated the Comprehensive Omnibus Budget Reconciliation Act of 1985, as amended, 29 U.S.C. §§1161 et seq. (COBRA) by unlawfully refusing to continue employee welfare benefits for plaintiff as required by COBRA.

The employer, Defendant Williams College, is a Massachusetts Corporation with a principal place of business in Williamstown, Massachusetts, illegally disciplined and then

1

wrongful discharged Dr. Moore after being placed on administrative suspension without paid any opportunity to redress the allegation in a formal hearing.

## Jurisdiction and Venue

Subject matter jurisdiction is predicated upon diversity of citizenship as set forth in 28 U.S.C. §1332 and the requisite amount in controversy. The Court also has jurisdiction to hear plaintiff's claims pursuant to 29 U.S.C. §§1132(a) (3) and 1132(e) (1) and pursuant to 28 U.S.C. §1331.

Venue is present in the District of Massachusetts pursuant to 28 U.S.C. §1391(a) (1), the judicial district where the Defendant resides, and §1391(a) (2), the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

Venue in this action is also properly laid in this district pursuant to 29 U.S.C. §1132, in that the subject employee welfare benefit plans are administered in this district and the breaches of duty herein alleged occurred in this district, and the defendant is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the cause of action arose in this district.

## Parties

The Plaintiff, Dr. Bernard Moore, is a permanent resident of County of Los Angeles in the State of California at 8816 Seventh Avenue, Inglewood, California 90305.

On information and belief, the Defendant, Williams College, is a not for profit institution of higher learning in this district and employs in excess of fifty employees and is otherwise an employer as defined by COBRA, and is the employer in this action. It has its principal place of business at Williamstown, Massachusetts 01267.

Plaintiff's employment with defendant Williams College began on or about July 1, 2009, when plaintiff was appointed as a Visiting Assistant Professor in the Department of Political

Science with a three year contract.

Plaintiff's employment with defendant Williams College ended on November 12, 2009, when defendant terminated the plaintiff's employment.

Facts

Prior to Dr. Moore appointment as a Visiting Lecturer and reappointment as an Assistant Professor at Williams College, on or about November 2006 the U.S. Department of Education commenced an investigation into his student loans at Claremont Graduate University and Howard University. The investigation continued on going for more than three years and last two years Dr. Moore had no contact with the U.S. Department of Education related to the investigation. Dr. Moore no obligation to inform Williams College of the U.S. Department of Education continued investigation and advise defendant his any guilty plea in a public court on November 9, 2009 until the Court entered a final judgment.

On July 1, 2008 Dr. Moore was appointed with one year contract as a Visiting Lecturer in the Department of Political Science at Williams College to teach five courses for academic year 2008-2009.

Prior to Dr. Moore's reappointment as an Assistant Professor the Department of Political Science for the purpose of hiring the defendant's requested <u>only</u> his <u>graduate academic records</u> from <u>Claremont Graduate University</u> and <u>Howard University</u> for consideration for position. Defendant at no time never requested any undergraduate academic records from Dr. Moore nor did he submit any documentation or records related to any undergraduate studies. Nor did Dr. Moore present to Williams College any credentials that was fraudulent or which were attained through fraudulent means. (Emphasis added)

On July 1, 2009 was reappointed with <u>three year contract</u> as an Assistant Professor in the Department of Political Science at Williams College to teach two courses and winter study for

each academic school year. Dr. Moore commenced in the fall of 2009 Black Leadership and scheduled to teach during Winter Study the Federal Bench and for the spring of 2010 Congressional Leadership.

On November 10, 2009 approximately at 9:00 p.m. Andrea Danyluk, Acting Dean of the Faculty called Dr. Moore after learning that he entered a guilty plea in Federal Court on November 9, 2009. For the foregoing reasons, Dr. Moore was placed on suspension without pay from the faculty at Williams College pending investigation of the matter by the Defendant. Dean Danyluk, advised Dr. Moore during the period of the internal investigation that he no access to the Williams College campus including physical access, electronic access to the College's computer network, or financial access through the College purchase card.

Subsequently, William G. Wagner, Interim President sent a letter dated November 12, 2009[1] spells out the following:

- "According the Acting United States Attorney for the District of Columbia, on November 9, 2009 you "pled guilty to one count each of Student Aid Fraud, Bank Fraud, and Social Security Representative Fraud." The Attorney described in detail a string of many fraudulent acts on your part spread over many years."

- "The qualifications that you presented to the College in seeking employment included credentials, at least one of which was fraudulent and some of which was attained through fraudulent means."

- "Even when you admitted in public court to fraudulent behavior you did not see fit to notify the College, as your employer."

- "Records of your College credit card show that you used it for purchases not permitted by College policy."

President Wagner stated in his letter that each of these allegations constitutes adequate cause for termination of your employment at Williams. The letter advised if Dr. Moore if he wishes to

---

[1] William G. Wagner, President, letter dated Thursday, November 12, 2009 was received on Saturday, November 21, 2009.

respond to the alleged statement of facts, he had until noon on Monday, November 16, 2009, to do so.

On November 16, 2009, Dr. Moore emailed a PDF signed copy of a letter indicating that he intended to exhaust his administrative remedies regarding alleged allegations including but not limited to take any judicial remedies under 28 U.S.C. §1332. Further Dr. Moore indicated in the letter requesting Defendant to provide him any and all faculty and personnel procedures related to the alleged allegations and good cause for termination for his employment to his mailing address.

Further, President Wagner sent another letter dated Monday, November 16, 2009, stated that Defendant received Dr. Moore's letter on the morning of November 16, 2009, that he failed to respond to the letter dated November 12, 2009, the alleged statement of facts and not making reference or addressing Dr. Moore's request to provide him any and all faculty and personnel procedures related to the alleged allegations to mailed to his address. Later that same afternoon (November 16, 2009) President Wagner sent an email to each student at Williams stating that "I am following up on my earlier message to you regarding Visiting Assistant Professor Bernard Moore to report that his employment at Williams is ended as of today." Further President Wagner stated in the same email that "we have found no evidence of serious misuse on his part of College resources." (Emphasis added). Subsequently, Williams College on the same day (November 16, 2009) cancelled Dr. Moore's employee group health insurance with Blue Cross/Blue Shield of Massachusetts without any notice. On Tuesday, November 17, 2009, Dr. Moore contacted Janet Bartlett, Benefits Coordinator in the Human Resources Office at Williams College and requested COBRA for the continuation of coverage under the Williams College

Group Insurance Plan.

Consequently, Marta R. Tetrault, Director of Human Resources stated in a letter dated November 18, 2009 "I am writing to inform you that, on advice of legal counsel, it has been determined that you are ineligible for COBRA continuation of coverage under the Williams College Group Insurance Plan. The COBRA statute provides that an employee whose employment is terminated for "gross misconduct" is ineligible for COBRA continuation coverage. The denial of COBRA continuation coverage by Williams College was *arbitrary and capricious* in nature since Dr. Moore was wrongful terminated on the basis of conduct that was from 2002 to 2006 two years prior to his appointment at Williams College on July 1, 2009 which constitute a breach Dr. Moore's three year contract.

Additionally, President Wagner letter dated November 16, 2009 that stated Dr. Moore was terminated effective immediately did not make any reference to "gross misconduct" nor did President Wagner email to the Williams' student body on November 16, 2009 rather emphasized that Dr. Moore "We have found no evidence of serious misuse on his part of College resource."

### First Cause of Action

Defendant Williams College breached Dr. Moore's three year teaching appointment contract by terminating his employment on the basis on conduct that occurred from 2002 to 2006 two years prior to his teaching appointment at Williams College.

There no evident that Dr. Moore submitted to Williams College any credentials that was fraudulent or attained through fraudulent means.

Dr. Moore had no obligation to notify Defendant of the three year investigation prior to

guilty plea including but not limited to the guilty plea in the United States District Court for the District of Columbia until the final judgment.

## Second Cause of Action

Defendant have violated COBRA and are liable to plaintiff as provided in COBRA and as set forth in 29 U.S.C. §1132.

The termination of plaintiff's employment constituted a qualifying event as that term is defined by COBA.

As a result of the qualifying event, Plaintiff was entitled to a notice of COBRA continuation coverage following the termination of his employment. No Notice was given to Plaintiff within the required time period.

Plaintiff did not engage in any misconduct at Williams College or any other actions which would make him ineligible for continuation coverage under COBRA. Plaintiff was entitled to continuation of coverage under COBRA.

Plaintiff desires to continue health insurance coverage and has been substantially damaged due to defendants' refusal to allow plaintiff to elect continuation coverage, which damage includes: (a) Plaintiff has incurred substantial medical bills which would have been covered had coverage continue under COBRA; and (b) without the continuation of coverage under COBRA plaintiff will not be able to obtain coverage for pre-existing conditions under new insurance coverage.

## Jury Demands

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands a jury trial in the above-entitled action.

## Pray For Relief – First Caucus of Action

WHEREFORE, plaintiff Bernard Moore requests judgment for:

1. Consequential damages against the Defendant Williams College in the amount of $300,000 for the appropriate back pay, front pay, and reimbursement.

2. Grant to Plaintiff Bernard Moore his attorney's fees, costs, and disbursements;

3. Award Plaintiff pre-and post judgment interest at the prevailing rate;

2. Further demands judgment against Defendant Bernard Moore for punitive damages in the $1,000,000, plus the costs of this action; and

3. Such other relief as to this Court seems just, proper, and equitable.

## Prayer for Relief – Second Caucus of Action

WHEREFORE, in consideration of the foregoing, Plaintiff Dr. Bernard Moore prays that the Court, after service of this action upon defendant, direct the clerk to set this matter for jury trial. Plaintiff further prays for the Court to issue a Judgment:

a) Finding the defendant's actions violated COBRA.

b) Awarding plaintiff all damages and relief due him under COBRA, and 29 U.S.C. §1132, including but not limited to: ordering defendant to pay to plaintiff the civil penalties and delay penalties set forth in 29 U.S.C. §1132; awarding plaintiff damages resulting from defendant's violations of COBRA.

c) Awarding plaintiff prejudgment interest.

d) Awarding plaintiff his costs incurred in bringing this action and attorneys' fee as

allowed by law.

e) Awarding plaintiff such other and further relief as the Court deems just and proper.

Dated 11/25/09

*Bernard Moore*
Bernard Moore, Ph.D.
4849 Connecticut Ave NW #631
Washington, D.C. 20008
Tel. 202-360-7551
Email: Bernard.moore@earthlink.net

In Propria Persona

## VERIFICATION

DISTRICT OF COLUMBIA

I, Bernard Moore declare under the penalty of perjury that the foregoing Complaint is true and correct. Executed on November 25, 2009 in the District of Columbia

*Bernard Moore*
Bernard Moore, Ph.D.

9