Not for Publication in West's Federal Reporter
# United States Court of Appeals
## For the First Circuit

Nos. 10-1337 and 10-1501

BERNARD MOORE,

Plaintiff, Appellant,

v.

WILLIAMS COLLEGE,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Torruella, Lipez and Thompson,
Circuit Judges.

Bernard Moore on brief pro se.
Daryl J. Lapp, Robert G. Young and Edwards Angell Palmer & Dodge LLP, on brief for appellee.

February 28, 2011

**Per Curiam**.  Bernard Moore has appealed the judgment of the district court dismissing his complaint.[1] We review, de novo, a district court's grant of a motion to dismiss for failure to state a claim. IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 446 (1st Cir. 2010).  Upon de novo review, we affirm essentially for the reasons stated in the district court's memorandum and order, dated April 7, 2010.

We add only the following:

(1)     We deem, as waived, Moore's claims of breach of employment contract, wrongful termination, and violation of tenant rights as he has failed to make any developed argument as to them. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (reciting that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

(2)     The only claim pursued on appeal is Moore's request for injunctive relief permitting him to acquire continuation of health insurance coverage under the Comprehensive Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 U.S.C. § 1161(a). Presumably, he is asking that Williams College be directed to

---

[1] We have consolidated Moore's appeal from the denial of a preliminary injunction (Appeal No. 10-1337) with his appeal from the dismissal of his complaint (Appeal No. 10-1501). The denial of the preliminary injunction has merged in the final judgment, see Chaparro-Febus v. Local 1575, 983 F.2d 325, 331 n.5 (1st Cir. 1993), and so we need not address it separately.

rescind its characterization of his actions as "gross misconduct" that has statutorily barred his eligibility.  See 29 U.S.C. § 1161(a) (requiring a plan sponsor to provide that a qualified beneficiary that loses coverage as a result of a qualifying event is entitled to elect, within the election period, continuation coverage); § 1163(2) (excluding termination for gross misconduct from the definition of qualifying event).  As Moore is currently incarcerated, it appears that the only claim pursued on appeal is now moot as he no longer has any need for COBRA-provided health care coverage.

(3)     In any event, assuming, without deciding, that the appeal is not moot, it is meritless.  Moore contends that the district court erred in determining that his actions that resulted in his termination constituted "gross misconduct" for purposes of COBRA coverage because, he argues, he did not engage in gross misconduct while employed at Williams College from July 2008 to November 2009.  Moore offers no persuasive authority for his contention that that which constitutes "gross misconduct" is limited to the period of one's employment.  While the two cases he cites involved instances of gross misconduct alleged to have occurred during a period of employment, see Kariotis v. Navistar Int'l. Transp. Corp., 131 F.3d 672 (7th Cir. 1997); Richard v. Industrial Commercial Elec. Corp., 337 F.Supp. 2d 279 (D. Mass. 2004), they do not support the contention that an employer is permitted to terminate an employee

only for instances of gross misconduct that occurred during the period of employment.  We need not determine whether that which constitutes "gross misconduct" for purposes of the COBRA provision is limited to the period of employment.  Even assuming that "gross misconduct" is limited to the period of employment, Moore has no effective answer to the district court's characterization of his *concealment* and misrepresentation of his credentials *during the period of employment at Williams College* as constituting "gross misconduct."[2]  Upon de novo review, we agree with this characterization and find no error.

The judgment of the district court entered on April 7, 2010 is affirmed.

---

[2] The fact that the district court assumed in Moore's favor that he did not commit any crimes while actively employed by Williams effectively resolves Moore's misdirected (and, it appears, legally incorrect) arguments that (a) the district court should not take judicial notice of the filings in his criminal case and (b) his guilty plea was not the equivalent of a "conviction."  See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand"); Kercheval v. United States, 274 U.S. 220, 223 (1927) (reciting that a guilty plea "is itself a conviction").